IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY CASE NO. |
| | § | |
| BON VOYAGE INVESTMENTS, LLC, | § | 11-31818-H5-11 |
| | § | |
| DEBTOR | § | Chapter 11 |

**EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT
OF PRE-PETITION EMPLOYEE COMPENSATION,
TAXES, BENEFITS AND REQUEST FOR EXPEDITED HEARING**

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE (21) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION**, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

**EMERGENCY CONSIDERATION OF THIS MOTION HAS BEEN SOUGHT. A HEARING HAS BEEN REQUESTED WITHIN 48 HOURS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Debtor and debtor-in-possession files this Emergency Motion for Authority to Pay Pre-petition Employee Compensation, Taxes and Benefits and for Expedited Hearing (the "Motion") and in support thereof respectfully shows the Court as follows:

SUMMARY

1. The Debtor's employees have skills that require some experience. They cannot be instantly replaced. Their wage claims will be entitled to priority. The Debtor needs to pay the employees as "critical" or the equitable basis for paying priority claims outside of a plan. Emergency consideration is needed or the employees will miss a paycheck and incur personal hardship - injuring the estate.

## I. JURISDICTION

2. This Court has jurisdiction by virtue of § 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to § 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (M).

## II. VENUE

3. Venue is proper in this district pursuant to § 28 U.S.C. § 1408(1) because the Debtor's corporate address has been located in this district for more than 180 days preceding the filing of this bankruptcy case.

## III. BACKGROUND

4. Debtor is a privately held Texas Limited Liability Company for the operation of a car wash.

## IV. BUSINESS REASONS JUSTIFY KEEPING EMPLOYEES

5. As of the petition date, employees were owed or had accrued wages incurred in the ordinary course of Debtor's business. The petition was filed during the normal payroll payment cycle for employees. Debtor will need to make its regular payment to the employees and benefit providers. Continued service by the current employees is vital to the ongoing operations and the ability to reorganize. The employees are due to be paid their paychecks on March 4, 2011 for the

payroll period ending March 1, 2011. Attached is an itemization of the total pre-petition wages that are due to be paid to employees on March 4, 2011.

6. The Employees' continued service is vital to Debtor's continuing operations and its prospects for reorganization.

7. As of the Petition Date, various obligations are owed to the Employees as shown on the attached Exhibit "A". Finally, the Debtor must also ensure that federal income tax, state unemployment tax and insurance, and social security and Medicare taxes (collectively, the "Tax Obligations"), among other assessments, are properly withheld from its employees' payroll. (The Payroll Obligations, the Debtor's Expenses, and the Tax Obligations are together collectively referred to as the "Pre-petition Employee Claims").

## V. RELIEF REQUESTED

8. By this Motion, the Debtor requests, pursuant to Sections 363(b), 365, 549 and 105(a) of the Bankruptcy Code, that the Court authorize the Debtor to pay the Pre-petition Employee Claims, including Tax Obligations. An emergency hearing on this Motion is necessary because any delay in paying the Pre-petition Employee Claims would undermine the Debtor's relationship with its Employees.

9. Specifically, the Debtor requests that this Court authorize the Debtor to make the Payment to the Employees, which necessarily includes the authority to pay all Payroll Obligations and Tax Obligations.

10. The maximum amount of the Pre-petition Employee Claims is set out on Exhibit "A". Pursuant to Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, claims against the Debtor for "wages, salaries or commissions, including vacation severance and sick leave pay,"

earned within one hundred and eighty (180) days before the Petition Date, and claims against the Debtor for contributions to employee benefit plans arising from services rendered within 180 days before the Petition Date, are entitled to unsecured priority status to the extent of $10,900.00 per Employee.

11. The Debtor believes that the relief requested in this Motion is justified under the special circumstances of this Case. Under Section 363(b)(I), the trustee or debtor-in-possession "may use sell, or lease, other than in the ordinary course of business, property of the estate" after notice and a hearing. 11 U.S.C. § 363(b)(I). This power extends to the payment of certain pre-petition claims of the Debtor including payroll expenses.

12. A bankruptcy court may authorize the payment of pre-petition obligations when necessary to facilitate a debtor's reorganization. See, e.g., In re Equalnet Communications Corp., 258 B.R. 368 (Bankr. S.D. Tex. 2000). This authority stems from the common-law "necessity of payment" doctrine, which courts have applied when the failure to pay pre-petition obligations poses a real and significant threat to a debtor's reorganization. See Dudley v. Mealey, 147 F.2d 268 (2d Cir. 1945), cert. denied 325 U.S. 873 (1945). The "necessity of payment" doctrine was eventually expanded, beginning with Dudley v. Mealey. 147 F.2d 268. In Dudley, the court held that the creditors' interest in continuing the debtor's charter school business justified paying the pre-petition claims of creditors who furnished supplies essential to keeping the charter school open. Id. at 271. Numerous courts have applied Dudley's doctrine in situations similar to this Case, recognizing that the payment of certain pre-petition wage, salary, medical-benefit, and business-expense claims was justified since no business debtor can hope to reorganize without the

cooperation of its employees. In re Ionosphere Clubs, Inc., 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989).

13. The Debtor submits that it has sufficient funds to pay all pre-petition employee claims as such amounts become due.

WHEREFORE, the Debtor respectfully prays that the Court: (i) set an expedited hearing on this Motion; and (ii) authorize the Debtor to make the Payment to Employees, which necessarily includes the authority to pay all Payroll Obligations and Tax Obligations.

Debtor prays that it be granted such other and further relief as is just and proper.

Respectfully submitted,

   /s/ Margaret M. McClure
MARGARET M. MCCLURE
State Bar No. 00787997
909 Fannin, Suite 3810
Houston, Texas 77010
(713) 659-1333
(713) 658-0334 (fax)
margaret@mmmcclurelaw.com (e-mail)

ATTORNEY FOR DEBTOR

March 4,11

**Cales CarWash & Lube**

| Employee Name | Rate | Hours | OT Hours | Reg Pay | Overtime Pay | Commission | Gross pay | Rate tax | Withhold tax | Net pay | Advance | Final pay |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Felica Barratachea | $ 7.25 | 39.42 | | 285.80 | - | 476.53 | 285.80 | 7.65% | 21.86 | 263.93 | | 933.09 |
| Pam Cody | $ 7.25 | 46.48 | | 336.98 | - | 712.95 | 336.98 | 7.65% | 25.78 | 311.20 | | 1,024.15 |
| Jose Amaya | $ 8.00 | 80.00 | | 640.00 | - | | 640.00 | 7.65% | 48.96 | 591.04 | | 591.04 |
| Augusto, Yoc | $ 7.25 | 56.57 | | 410.13 | - | | 410.13 | 7.65% | 31.38 | 378.76 | | 378.76 |
| Mario Carvajal | $ 9.50 | 80.00 | 24.27 | 760.00 | 345.85 | | 1,105.85 | 7.65% | 84.60 | 1,021.25 | | 1,021.25 |
| Chicas Rosa | $ 8.00 | 80.00 | 13.62 | 640.00 | 163.44 | | 803.44 | 7.65% | 61.46 | 741.98 | | 741.98 |
| Martha Guajardo | $ 7.50 | 52.78 | | 395.85 | - | | 395.85 | 7.65% | 30.28 | 365.57 | | 365.57 |
| Amber Salazar | $ 9.50 | 40.53 | | 385.04 | - | | 385.04 | 7.65% | 29.46 | 355.58 | | 355.58 |
| Jessica Dominquez | $ 9.00 | 10.10 | | 90.90 | - | | 90.90 | 7.65% | 6.95 | 83.95 | | 83.95 |
| Hector Bates | $ 7.50 | 80.00 | 10.02 | 600.00 | 112.73 | | 712.73 | 7.65% | 54.52 | 658.20 | | 658.20 |
| Glenda Portillo | $ 7.25 | 10.33 | | 74.89 | - | | 74.89 | 7.65% | 5.73 | 69.16 | | 69.16 |
| Lee Balanchard | $ 9.25 | 79.35 | | 733.99 | - | | 733.99 | 7.65% | 56.15 | 677.84 | | 677.84 |
| Sandra Rodriguez | $ 7.25 | 80.00 | 10.43 | 580.00 | 113.43 | | 693.43 | 7.65% | 53.05 | 640.38 | | 640.62 |
| Carlos Rodriguez | $ 8.50 | 80.00 | 17.55 | 680.00 | 223.76 | | 903.76 | 7.65% | 69.14 | 834.62 | | 834.62 |
| Job Jauregui | $ 10.00 | 40.95 | | 409.50 | - | | 409.50 | 7.65% | 31.33 | 378.17 | | 378.17 |
| Yolanda Vargas | $ 8.50 | 72.73 | 1.1 | 618.21 | 14.03 | | 632.23 | 7.65% | 48.37 | 583.86 | | 583.86 |
| Jeffrey Inboden | $ 8.50 | 80.00 | 25.52 | 680.00 | 325.38 | 871.79 | 1,005.38 | 7.65% | 76.91 | 928.47 | | 1,800.25 |
| Jorge Rosales | $ 7.25 | 37.00 | | 268.25 | - | | 268.25 | 7.65% | 20.52 | 247.73 | | 247.73 |
| Sandra Deodanes | $ 7.25 | 11.63 | | 84.32 | - | | 84.32 | 7.65% | 6.45 | 77.87 | | 77.87 |
| Serafin Martinez | $ 7.25 | 80.00 | 6.77 | 580.00 | 73.62 | | 653.62 | 7.65% | 50.00 | 603.62 | | 603.62 |
| Jauregui Antonio | $ 7.25 | 39.82 | | 288.70 | - | | 288.70 | 7.65% | 22.09 | 266.61 | | 266.61 |
| Michael Graves | $ 7.25 | 14.68 | | 106.43 | - | | 106.43 | 7.65% | 8.14 | 98.29 | | 98.29 |
| Darwin Calderon | $ 7.25 | 79.92 | 4.73 | 579.42 | 51.44 | | 630.86 | 7.65% | 48.26 | 582.60 | | 582.60 |
| Arturo Garay | $ 7.35 | 36.13 | | 265.56 | - | | 265.56 | 7.65% | 20.31 | 245.24 | | 245.24 |
| Sergio Perez | $ 8.00 | 32.85 | | 262.80 | - | | 262.80 | 7.65% | 20.10 | 242.70 | | 242.70 |
| Alfredo, Ramierez | $ 7.25 | 78.18 | | 566.81 | - | | 566.81 | 7.65% | 43.36 | 523.44 | | 523.44 |
| Jose Ramirez | $ 7.25 | 51.63 | 3.28 | 374.32 | 35.67 | | 409.99 | 7.65% | 31.36 | 378.62 | | 378.62 |
| Andrea Trejo | $ 7.25 | 28.77 | | 208.58 | - | | 208.58 | 7.65% | 15.96 | 192.63 | | 192.63 |
| Martha Rosales | $ 7.25 | 80.00 | 7.08 | 580.00 | 77.00 | | 657.00 | 7.65% | 50.26 | 606.73 | | 606.73 |
| Jorge Velasquez | $ 7.25 | 62.15 | | 450.59 | - | | 450.59 | 7.65% | 34.47 | 416.12 | | 416.12 |
| Carlos Avalos | $ 7.25 | 72.45 | 3.97 | 525.26 | 43.17 | | 568.44 | 7.65% | 43.49 | 524.95 | | 524.95 |
| | | | | - | - | | - | 7.65% | - | - | | |
| Karen Marquez | $ 7.25 | 78.43 | 5.62 | 568.62 | 61.12 | | 629.74 | 7.65% | 48.17 | 581.56 | | 581.56 |
| Jennifer Morgan | $ 7.25 | 73.93 | 12.03 | 535.99 | 130.83 | | 666.82 | 7.65% | 51.01 | 615.81 | | 615.81 |
| Osmar Depaz | $ 7.75 | 73.52 | 0.27 | 569.78 | 3.14 | | 572.92 | 7.65% | 43.83 | 529.09 | | 529.09 |
| Miguel cucufate | $ 7.25 | 33.52 | | 243.02 | - | | 243.02 | 7.65% | 18.59 | 224.43 | | 224.43 |
| Kevin Coreas | $ 7.25 | 62.97 | 4.43 | 456.53 | 48.18 | | 504.71 | 7.65% | 38.61 | 466.10 | | 466.10 |
| Dagoberto Turcios | $ 8.00 | 53.72 | | 429.76 | - | | 429.76 | 7.65% | 32.88 | 396.88 | | 396.88 |
| Jamie Garica | $ 7.25 | 55.10 | | 399.48 | - | | 399.48 | 7.65% | 30.56 | 368.92 | | 368.92 |
| Henry Carranza | $ 7.25 | 80.00 | 14.37 | 580.00 | 156.27 | | 736.27 | 7.65% | 56.32 | 679.95 | | 679.95 |
| Jose Enrique | $ 7.25 | 70.85 | 1.25 | 513.66 | 13.59 | 349.09 | 527.26 | 7.65% | 40.34 | 486.92 | | 836.01 |
| Juan Abrego | $ 7.25 | 63.90 | 6.27 | 463.28 | 68.19 | | 531.46 | 7.65% | 40.66 | 490.80 | | 490.80 |
| Genaro Velasquez | $ 7.25 | 40.00 | 12.92 | 290.00 | 140.51 | | 430.51 | 7.65% | 32.93 | 397.57 | | 397.57 |
| | | | | | | | | | | | | |
| Jose Lazo | $ 7.25 | 40.00 | 2.72 | 290.00 | 29.58 | | 319.58 | 7.65% | 24.45 | 295.13 | | 295.13 |
| Walter Guevera | $ 9.25 | 35.13 | | 324.95 | - | | 324.95 | 7.65% | 24.86 | 300.09 | | 300.09 |
| Jose Medina | $ 9.00 | 34.45 | | 310.05 | - | | 310.05 | 7.65% | 23.72 | 286.33 | | 286.33 |

3/1/2011

| Name | Rate | Hours | | Amount | | | Total | % | Tax | Net | | Net |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Carlos Portillo | $ 7.25 | 40.00 | 5.97 | 290.00 | 64.92 | | 354.92 | 7.65% | 27.15 | 327.77 | | 327.77 |
| Jose Parada | $ 7.25 | 10.82 | | 78.45 | - | | 78.45 | 7.65% | 6.00 | 72.44 | | 72.44 |
| Alexander Pineda | $ 7.25 | 15.50 | | 112.38 | | | 112.38 | 7.65% | 8.60 | 103.78 | | 103.78 |
| Alexander Maldonado | $ 7.25 | 22.77 | | 165.08 | | | 165.08 | 7.65% | 12.63 | 152.45 | | 152.45 |
| Chis Strawwhun | $ 7.25 | 20.07 | | 145.51 | | | 145.51 | 7.65% | 11.13 | 134.38 | | 134.38 |
| Bartolo Ontiveros | $ 7.25 | 6.70 | | 48.58 | | | 48.58 | 7.65% | 3.72 | 44.86 | | 44.86 |
| | $ 9.00 | | | - | | | - | 7.65% | - | - | | |
| Alberto Castillo | $ 1,100.00 | | | 1,100.00 | | | 1,100.00 | 7.65% | 84.15 | 1,015.85 | | 1,015.85 |
| Raul Gonzales | $ 1,535.00 | | | 1,535.00 | | | 1,535.00 | 7.65% | 117.43 | 1,417.57 | | 1,417.57 |
| Bayron Velasquez | $ 900.00 | | | 900.00 | | | 900.00 | 7.65% | 68.85 | 831.15 | | 831.15 |
| Luis Rodriguez | $ 950.00 | | | 950.00 | | | 950.00 | 7.65% | 72.68 | 877.33 | | 877.33 |
| Sergio Garica | $ 950.00 | | | 950.00 | | | 950.00 | 7.65% | 72.68 | 877.33 | | 877.33 |
| Marc Dosia | $ 1,000.00 | | | 1,000.00 | | | 1,000.00 | 7.65% | 76.50 | 923.50 | | 923.50 |
| Waseem Bari | $ 750.00 | | | 750.00 | | | 750.00 | 7.65% | 57.38 | 692.63 | | 692.63 |
| Mike Wertz | $ 2,300.00 | | | 2,300.00 | | | 2,300.00 | 7.65% | 175.95 | 2,124.05 | | 2,124.05 |
| Cynthia Mendoza | $ 1,250.00 | | | 1,200.00 | | | 1,200.00 | 7.65% | 91.80 | 1,108.20 | | 1,108.20 |
| | | | | | | | - | 7.65% | - | - | | |
| | | | | | | | - | 7.65% | - | - | | |
| | | | | | | | - | 7.65% | - | | | |

| | |
|---|---|
| Gross Pay | $ 33,308.23 |
| Contract Labor | $ 5100.00 |
| Payroll Tax | $ 6,507.54 |
| Total | 48,477.50 |

3/1/2011

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was electronically mailed or mailed by first class mail, postage prepaid, this 2nd day of March, 2011 to the following:

Mr. Judy A. Robbins
U.S. Trustee
515 Rusk, 3rd Floor
Houston, Texas 77002

Mr. Mian A. Bari
QAB Investments, LLC
Hallmark Cleaning Systems, Inc.
4502 Edison Street
Houston, Texas 77009-3338

| | |
|---|---|
| Mr. L. David Smith<br>Chernosky, Ressling & Smith, PLLC<br>4646 Wild Indigo, Suite 110<br>Houston, Texas 77027 | Via Facsimiles: 713-622-1026 |

ATTORNEY FOR FIRST NATIONAL BANK

| | |
|---|---|
| Mace & Mack, PC<br>1001 West Loop South, Suite 100<br>Houston, Texas 77027 | Via Facsimile: 713-622-0081 |

ATTORNEYS FOR ANNA G. PEREZ AND ANNA J. PEREZ

| | |
|---|---|
| Mr. Norman Bhalla<br>Merchant Power Services<br>2400 Augusta, Suite 336<br>Houston, Texas 77057 | Via Facsimile: 713-532-0510 |
| Business Financial Services, Inc.<br>5852 Faringdon Place, Suite B<br>Raleigh, NC 27609 | Via Facsimile: 866-234-8797 |

                                                    /s/ Margaret M. McClure
                                                MARGARET M. MCCLURE